UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JAMES B.,[1]

                                     Plaintiff,        Case # 21-cv-0542-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                     Defendant.
───────────────────────────────────────

## INTRODUCTION

On December 30, 2008, Plaintiff James B. ("Plaintiff") applied for Supplemental Security Income ("SSI"), alleging disability since October 4, 2001. Tr.[2] 2046. Plaintiff's claim was initially denied by the Social Security Administration on May 13, 2009. After due notice, Plaintiff appeared and testified at a video hearing held on April 21, 2011. Tr. 2046. On May 23, 2011, Administrative Law Judge Robert T. Harvey issued an unfavorable decision. Tr. 2046. This was remanded by the Appeals Council on October 19, 2011 with direction to consolidate a subsequently filed SSI application. Tr. 2046. Plaintiff attended another hearing on December 5, 2012, and received an unfavorable decision on January 3, 2013. Tr. 2046. The Appeals Council denied review on September 9, 2014. Thereafter, Plaintiff appealed to the United States District Court for the Western District of New York and received a judgment remanding the case on June 12, 2017. Tr. 2046. A new hearing was held on August 17, 2018, which led to a third unfavorable decision. Tr. 2046. On appeal, the district court issued another judgment for remand on September 15, 2020. Tr. 2046-47. Plaintiff attended a fourth hearing, on December 21, 2020, before ALJ Mary

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6 and 7.

Mattimore (the "ALJ"). Tr. 2047. Dr. John Kwock and Dr. Neli Cohen, medical experts, and Mr. Dennis J. King, an impartial vocational expert, also appeared and testified. Tr. 2079-2124. On January 12, 2021, the ALJ issued a fourth unfavorable decision, finding that Plaintiff was not disabled. Tr. 2043-78. Plaintiff timely filed this civil action in this Court, seeking judicial review of the ALJ's decision.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

## LEGAL STANDARD

**I.    District Court Review**

When it reviews a final decision of the Social Security Administration ("SSA"), it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.    The ALJ's Decision**

Pursuant to the Commissioner's five-step sequential evaluation, the ALJ made the following findings. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date: December 30, 2008. Tr. 2049. At step two, the ALJ found that Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, left shoulder early minimal degenerative changes, mild osteoarthritis of the bilateral hips, failed reconstruction of the right knee with associated traumatic arthritis, seizure disorder, and chronic obstructive pulmonary disease, as well as mental impairments. Tr. 2050. At step three, the ALJ found that Plaintiff's impairments were not per se disabling under the Listings. Tr. 2051-54. The ALJ then found that Plaintiff had the RFC to perform a range of light work. Tr. 2054-63. At step

four, the ALJ found that Plaintiff had no past relevant work. Tr. 2063. At step five, relying on vocational expert testimony, the ALJ found that other work existed in the national economy for Plaintiff, given his RFC and other vocational characteristics. Tr. 2063-64. Consequently, the ALJ found that Plaintiff was not disabled. Tr. 2065.

**II.     Analysis**

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence on two grounds. First, Plaintiff asserts that the ALJ erred when she assigned more weight to the opinion of Dr. Kwock, a non-examining medical source, than she assigned to the opinion of Dr. Russell Lee, a consultative examiner. Second, Plaintiff alleges that the ALJ failed to follow the directive of the Appeals Council remand order, dated September 16, 2020. This Court disagrees.

### A.  Weighting of Medical Opinions

As a general rule, for claims filed before March 27, 2017, "more weight must be given to an examining source than to a nonexamining source." *D'augustino v. Colvin*, No. 15-CV-6083, 2016 WL 5081321, at *2 (W.D.N.Y. Sept. 16, 2016) (citing 20 C.F.R. § 416.927(c)(1)). An ALJ is permitted to consider the opinion of non-examining sources, but the regulations caution that "because nonexamining sources have no examining or treating relationship with [claimant], the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions." 20 C.F.R. § 404.1527(c)(3). "It is incorrect for an ALJ to place significant weight on the findings of a non-examining source that differs from other medical evidence of record and is not adequately explained." *Danette Z. v. Comm'r of Soc. Sec.*, No. 19-CV-1273, 2020 WL 6700310, at *6 (N.D.N.Y. Nov. 13, 2020) (citing *D'augustino*, 2016 WL 5081321, at *2). Notwithstanding the general rule, the opinion of a non-examining source may be

credited over that of an examining physician provided the opinion of the non-examining source is supported by the evidence in the record. *Id.*

In assigning "great weight" to Dr. Kwock's opinion, the ALJ noted "[his] expertise, [his] review of the claimant's medical records, [his] detailed testimony at the hearing, and the relative consistency of [his] opinions with the longitudinal medical evidence in the record, including clinical findings." Tr. 2060. Dr. Kwock had the benefit of reviewing the other medical opinions and all imaging available in reaching his medical determinations. As such, Dr. Kwock's opinion is supported by the evidence in the record. *See D'augustino*, 2016 WL 5081321, at *2.

In contrast, the ALJ assigned "reduced weight" to the opinion of consultative examiner Dr. Lee and provided an adequate explanation for doing so. Tr. 2061. The ALJ described several "internal inconsistencies" that warranted reducing the weight assigned to his opinion. *Id.* Particularly, the ALJ noted that Dr. Lee's check-box limitations were excessive in that they "appear[ed] to alternate between understating and overstating the claimant's limitations when compared to the totality of the evidence." *Id.* Plaintiff argues that this is not an adequate reason for discounting the consultative examiner's opinion because "a check-box form is not a valid reason to reject an otherwise relevant opinion." ECF. No. 9-1 at 18. However, the ALJ did not discount Dr. Lee's opinion on the basis of the check-box form itself; rather, she discounted the opinion because Dr. Lee's use of the check-box form fluctuated between wide extremes of "understating and overstating" Plaintiff's limitations. Tr. 2061. For example, Dr. Lee indicated that Plaintiff could lift and carry fifty pounds frequently and kneel "continuously," despite a medical record replete with impairments and multiple knee surgeries. *Id.* Notably, Dr. Kwock's opinion is more restrictive than Dr. Lee's opinion on these issues and, by assigning greater weight to Dr. Kwock's opinion, Plaintiff ultimately benefited by receiving a more restrictive RFC. Accordingly, this Court

concludes that the "internal inconsistencies" underscored by the ALJ in her reasoning constitutes an adequate explanation for assigning greater weight to Dr. Kwock's opinion, a non-examining medical source, in comparison to Dr. Lee's opinion, the consultative examiner. Tr. 2061.

### B. Following the Directive of the Appeals Council

Plaintiff next argues that the ALJ failed to comply with the Appeals Council remand order to hold further proceedings "consistent with the order of the court," when the ALJ assigned "significant weight" to the opinions of Dr. Toor, Dr. Sirotenko, and Dr. Balderman (the "Old Opinions"), committing reversible error. ECF No. 9-1 at 16. The Court disagrees.

The regulations provide that an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand. *Savino v. Astrue*, No. 07-CV-4233, 2009 WL 2045397, at *9 (E.D.N.Y. 2009) (citing *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand.") (citations omitted); *Mann v. Chater*, No. 95 CIV. 2997, 1997 WL 363592, at *1-2 (S.D.N.Y. 1997) (holding that the case must be remanded when the ALJ did not follow the orders of the Appeals Council)).

The Court finds that the ALJ's decision to assign "significant weight" to the Old Opinions was not inconsistent with the order of the court and, therefore, does not constitute a failure to abide by the directive of the Appeals Council. Tr. 2062. On September 15, 2020, the district court determined that the Old Opinions were "stale, and could not constitute substantial evidence." *Brink v. Colvin*, No. 1:19-cv-00175, at 10 (W.D.N.Y. 2020). The basis for the court's determination was not "the mere passage of time," *Whitehurst v. Berryhill*, 2018 WL 3868721, *4 (W.D.N.Y. 2018),

but instead the fact that "plaintiff's condition had deteriorated" since those opinions were issued. *Brink*, No. 1:19-cv-00175, at 9 (citing *Pritchett v. Berryhill*, 2018 WL 3045096, *8 (W.D.N.Y. 2018). However, the district court also took care to note that an opinion that is issued prior to deterioration "may still be given weight if the medical evidence falling chronologically . . . after the opinion demonstrates substantially similar limitations and findings." *Brink*, No. 1:19-cv-00175, at 8 (quoting *Pritchett*, 2018 WL 3045096, *8). In other words, an opinion preceding deterioration may no longer be considered stale if it is consistent with post-deterioration medical evidence.

Unlike the record at the time of the September 15, 2020 district court order, the record upon which the most recent ALJ's decision is based contains the opinion of reviewing medical expert Dr. Kwock, who had the opportunity to review the medical record from the filing date through the date of the most recent hearing. Tr. 2061. Dr. Kwock's opinion falls chronologically after the Old Opinions, as well as after the events that the prior district court's order attributed to Plaintiff's deterioration. In her decision, the ALJ determined that the Old Opinions were "relative[ly] consisten[t] . . . [with] the more-recent and well-supported opinions of reviewing medical expert Dr. Kwock." *Id.* Because the Old Opinions were found to be consistent with Dr. Kwock's later opinion, the Old Opinions were not stale. By seeking the more recent medical opinion and confirming its consistency with the Old Opinions, the ALJ cured the defect that the district court identified in its September 2020 order. Accordingly, the ALJ did not err when it assigned "significant weight" to the Old Opinions. Tr. 2062.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 10, is GRANTED,

and the Commissioner's decision is AFFIRMED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 12, 2023

Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York